IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETER MOUBARAK,

Petitioner,

v.

JOHN DOE, *Warden, Moshannon Valley ICE Processing Center*, *et al.*

Respondents.

3:26-CV-00251-CCW

## **ORDER**

Before the Court is a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner, a native and citizen of Egypt, is currently detained at Moshannon Valley Processing Center.  ECF No. 1 ¶¶ 5, 9.  He entered the United States without inspection on or about May 25, 2023, "near Arizona[.]"  *Id.* ¶ 10.  He was encountered by border control, detained, and released on parole.  ECF No. 14 at 2.  The Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner, and Petitioner subsequently applied for asylum and withholding of removal.  ECF No. 1 ¶ 11.  On February 10, 2026, Petitioner was arrested at a Target department store in Mechanicsburg, Pennsylvania and cited for misdemeanor retail theft.  ECF Nos. 14-6 at 3, 14-7 at 2.  Local law enforcement transferred Petitioner to the custody of U.S. Citizenship and Immigration Services ("ICE") the next day.  ECF No. 14 at 3;  ECF No. 1 ¶ 13.  His immigration proceedings are ongoing.  In his Petition, Petitioner asserts that his continued detention violates the Due Process Clause of the Fifth Amendment of the United States Constitution.  ECF No. 1 ¶ 38.  Petitioner seeks immediate release from detention or, in the alternative, an individualized bond hearing at which the government bears the burden of demonstrating that Petitioner's detention is justified.  *Id.* ¶ 39.

Respondents assert that Petitioner is subject to mandatory detention under 8 US.C. § 1226(c) because of his February 2026 arrest for retail theft.  ECF No. 14 at 7.  In support, Respondents have submitted both the citation for retail theft issued to a defendant named "Peter Moubraka" on February 10, 2026, ECF No. 14-7, and a police report detailing the arrest of the same individual at the Mechanicsburg, Pennsylvania Target.  ECF No. 14-9.  In his reply, Petitioner argues that, because both the citation and the police report refer to an individual with a different surname, "Respondents' own exhibits undermine[] the claim that Petitioner [was] the person charged" with retail theft at the Mechanicsburg Target."  ECF No. 15 at 3.  Thus, Petitioner disputes whether he is subject to mandatory detention under 8 U.S.C. § 1226(c).[1]

The Court finds that Respondents have established that Petitioner is the individual arrested for retail theft at the Mechanicsburg, Pennsylvania Target on February 10, 2026.  The police report describes the arrestee as 5'8" tall, 185 pounds, and having brown eyes and black hair.  ECF No. 14-9 at 2.  Similarly, Petitioner's DHS records describe him as 69 inches tall,[2] 187 pounds, with brown eyes and black hair.  ECF No. 14-1 at 1.  Furthermore, the Petition avers that Petitioner was taken into ICE custody on February 11, 2026.  ECF No. 1 ¶ 13.  The retail theft at the Mechanicsburg, Pennsylvania Target occurred on February 10, 2026, and the police report notes that Cumberland County Prison "advised that ICE put a detainer" on the arrestee and would be picking him up the next day.  ECF No. 14-9 at 1.  And while the arrest records list the arrestee's surname as "Moubraka" rather than "Moubarak," which is Petitioner's surname, the police report

---

[1] Although 8 U.S.C. § 1226(c) does not limit the length of mandatory detention, detainees subject to detention under § 1226(c) may bring as-applied challenges to the constitutionality of their detention, where "the longer they are detained without bond hearings, the more likely their detention abridges the liberty secured by the Due Process Clause."  *Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483, at \*11 (3d Cir. Feb. 2, 2026).  In this Circuit, as-applied challenges to mandatory detention under § 1226(c) are assessed under the *German Santos* factors.  *See German Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203 (3d Cir. 2020).  Here, Petitioner only challenges whether he is subject to mandatory detention under § 1226(c) and does not make an as-applied challenge to his detention under *German Santos*.  *See generally* ECF Nos. 1, 9.

[2] 69 inches corresponds to 5'7" tall.

notes that the arrestee did not speak English and "did not have any form of identification on him." *Id.* at 3.   Thus, the surname discrepancy very likely reflects miscommunication or misunderstanding, and the Court is satisfied that Petitioner is the individual who was arrested at the Mechanicsburg, Pennsylvania Target on February 10, 2026.

Having concluded that Petitioner was arrested for retail theft, the Court further concludes that he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii), which provides that the Attorney General

> shall take into custody any alien who…(i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person.

Here, Petitioner is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) due to entering the United States without inspection and permission and failing to possess valid visa documents.  ECF No. 14-6 at 3.  And, as explained, Petitioner has also been arrested for and charged with retail theft.  *See* ECF Nos. 14-7, 14-9.  Thus, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(E).

Accordingly, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is DENIED.

DATED this 1st day of April, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

3

cc (via ECF email notification):

All Counsel of Record